1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SANTOS GABRIEL MURCIA-NAJARRO,<br><br>Defendant. | CASE NO. 18cr5420-LAB<br><br>**ORDER GRANTING MOTION TO VACATE DISMISSAL** |

On February 12, 2019, the Government and Defendant Santos Gabriel Murcia-Najarro entered into a plea agreement related to Murcia-Najarro's alleged violation of 8 U.S.C. § 1326. The Court set a plea hearing for February 26, 2019, but due to a processing error, the Defendant was not produced on that date. Instead of rescheduling the hearing, the Magistrate Judge instead dismissed the felony case altogether. The Government now moves to vacate that dismissal, arguing that (1) dismissal was not authorized under Fed R. Crim. Proc. 48(b) because Defendant was not prejudiced by the delay and the Court did not provide the Government adequate notice, and (2) the dismissal exceeded the jurisdiction of the Magistrate Judge. The Court takes no position as to the first argument, but agrees with the Government that the Magistrate Judge was without authority to dismiss the felony charge.

///

1    Fed R. Crim. Proc. 59(b)(1) provides that for dispositive matters, a district judge "may

2    refer to a magistrate judge for *recommendation* a defendant's motion to dismiss or quash

3    an indictment or information. . . . The magistrate judge must enter on the record a

4    *recommendation* for disposing of the matter, including any proposed findings of fact."

5    (emphasis added). The clear implication of this rule is that a magistrate judge has no

6    unilateral authority to dismiss a case over the Government's objection. To the extent the

7    magistrate judge believes dismissal is appropriate, he must follow the standard procedure

8    and issue a recommendation, which may then be acted on by the district judge.

9    Added support for this conclusion is found in the magistrate judge enabling statute,

10   28 U.S.C. § 636. Specifically, 28 U.S.C. § 636(b)(1)(A) notes that a "judge may designate

11   a magistrate judge to hear and determine any pretrial matter pending before the court,

12   *except a motion . . . to involuntarily dismiss an action.*" If a magistrate judge may not grant

13   a motion to dismiss—even when such a motion has been referred to him—there is obviously

14   no reason to believe he has authority to enter a dismissal on his own and without a referral.

15   Ninth Circuit case law also broadly prohibits magistrate judges from entering dispositive

16   orders. *See, e.g., Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) ("[I]f [a

17   motion is] characterized as dispositive, then the magistrate ha[s] authority only to enter into

18   the record a recommendation for disposition of the matter to be reviewed by the district court

19   de novo." (internal quotation marks omitted)); *United States v. Rivera-Guerrero*, 377 F.3d

20   1064, 1069 (9th Cir. 2004) (holding that a magistrate judge has no authority to enter a

21   dispositive order authorizing involuntary medication).

22   Finally, the Court's local rules also support this conclusion. Local Cr. Rule 57.4(c)(10)

23   grants magistrate judges the authority to "[g]rant motions to dismiss in criminal cases *when

24   made by the United States attorney* or at any other time when authorized by statute or rule

25   and when such dismissal is within the jurisdiction of the magistrate judge or pursuant to a

26   plea agreement entered into before the magistrate judge." (emphasis added). In all other

27   instances, the magistrate judge must "submit to the district judge a proposed order

28

containing findings of fact and recommendations for disposition by the district judge." *Id.* 57.4(b)(1)(a).

For these reasons, the Court concludes that the Magistrate Judge exceeded his authority in dismissing the case. The Government's Motion to Vacate the Dismissal is **GRANTED**. A copy of this order shall be served on all parties and Magistrate Judge Mitchell D. Dembin.

**IT IS SO ORDERED**.

Dated: March 5, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge